UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL YOUNG, et al.,<br><br>　　　　　　Plaintiff(s),<br>　　v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al.,<br><br>　　　　　　Defendant(s). | CASE NO. C25-0537-KKE<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AS MOOT |

　　　　Plaintiffs Daniel Young and Li Xiao, representing themselves, filed this action requesting that the Court issue a writ of mandamus to compel the Government[1] to remove an erroneous inadmissibility finding delaying the adjudication of Xiao's K-1 visa application. Dkt. No. 1 at 1–2.

　　　　Just before the Government filed a motion to dismiss for mootness, Plaintiffs filed an emergency motion for interlocutory injunction and order to show cause and then a subsequent motion to expedite the Court's resolution of that motion. Dkt. Nos. 15, 16, 27. As these motions were briefed, the parties continued to dispute whether the matter was fully mooted: the Government contended that Xiao's inadmissibility finding had been removed and she had

---

[1] This order refers to Defendants—United States Citizenship and Immigration Services ("USCIS"), Attorney General of the United States Pam Bondi, Secretary of the United States Department of Homeland Security ("DHS") Kristi Noem, USCIS Director Kika Scott, and DHS Director of Traveler Redress Inquiry Program Tania Vazquez—as "the Government."

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AS MOOT - 1

therefore received the relief requested in her petition, while Plaintiffs emphasized that Xiao had not yet received written confirmation of the removal of that finding nor had her visa been approved. Dkt. Nos. 19, 24, 26, 27, 28. Plaintiffs insisted that because the Government's consideration of Xiao's visa application was ongoing, the erroneous finding could still be reinstated, which could delay or result in the denial of Xiao's visa application. *See* Dkt. No. 27 at 1–4.

But the Government then filed notice that Xiao's visa had been approved. Dkt. Nos. 29, 30. Because the Government's adjudication of Xiao's visa application is concluded, it is clear that the relief requested in Plaintiffs' petition is moot and it must be dismissed. *See Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F. 3d 1118, 1123 (9th Cir. 1997) ("If an event occurs that prevents the court from granting effective relief, the clam is moot and must be dismissed."). The Court can no longer order the Government to investigate any errors in its consideration of Xiao's visa application because that consideration is complete and has resulted in the approval of the application. Dkt. Nos. 29, 30.

For these reasons, the Court GRANTS the motion to dismiss for mootness (Dkt. No. 16) and DENIES Plaintiffs' motions as moot (Dkt. Nos. 15, 27).

Dated this 22nd day of August, 2025.

*Kymberly K. Evanson*
———————————————
Kymberly K. Evanson
United States District Judge